UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                Plaintiff/Appellee,<br>    v.<br><br>JOHNNY MADRID LAWRENCE,<br><br>                Defendant/Appellant. | Case No. 3:17-cv-00097-MMD<br><br>ORDER |

**I.    SUMMARY**

This case involves an appeal of the Magistrate Judge's judgment finding Appellant Johnny Lawrence guilty of disorderly conduct in violation of 41 C.F.R. § 102-74.390. (ECF No. 2 at 1.) The Court has reviewed Lawrence's opening brief (ECF No. 12), the government's answering brief (ECF No. 18), and Lawrence's reply (ECF No. 21). The Court finds that the Magistrate Judge did not err and affirms the conviction.

**II.    BACKGROUND**

Lawrence received a citation for violating 41 C.F.R. § 102-74.390 after he told a Social Security Administration ("SSA") employee, "I'm going to fuck you up and then get the fuck out of Reno," during an appointment at an SSA office in Reno. (ECF No. 18 at 8.) 41 C.F.R. § 102-74.390 prohibits "[a]ll persons entering in or on Federal property . . . from . . . exhibiting disorderly conduct."

Shortly after the incident occurred, a security officer who had not personally observed the conflict issued a citation to Lawrence (completed by hand) that contained several fields. (ECF No. 18 at 8; *see also* ECF No. 13 at 279.) In the field titled "Offense

Charged," the citing officer wrote "41 C.F.R. 102-74.390." (ECF No. 12 at 4; *see also* ECF No. 13 at 279.) That field is followed by a larger field titled "Offense Description; Factual Basis for Charge" in which the citing officer wrote "Disorderly Conduct." (ECF No. 12 at 4; *see also* ECF No. 13 at 279.) The citation itself does not contain a factual description of Lawrence's purported disorderly conduct.

The citing officer prepared a type-written probable cause statement in connection with the incident. (ECF No. 18 at 9.) The statement indicates that it is based on the citing officer's personal investigation as opposed to personal observation. (ECF No. 13 at 281.) It states:

> I responded to the Social Security Administration (SSA)[ ]office in Reno to investigate an alleged verbal threat made to one of the SSA employees at the facility. Upon my arrival, I saw Federal Protective Service (FPS) contract guard Timothy Reynolds standing outside the building next to the SSA claimant who allegedly had made the verbal threat. The claimant was later identified as Johnny Madrid LAWRENCE.
>
> According to SSA employee Erica Brandt Kertanis, when she explained to LAWRENCE he could not be the SSA Payee for his alleged "soon to be wife" (not present at the SSA facility), LAWRENCE got closer to her customer service window (Window 2) and told her, "I AM GOING TO FUCK YOU UP AND THEN GET THE FUCK OUT OF RENO." LAWRENCE's threatening statement was witnessed by SSA employee Cindy Lopez who stated she heard Kertanis tell SSA claimant LAWRENCE to calm down or he will need to leave. Lopez added that LAWRENCE suddenly started threatening Kertanis by stating that he was "GOING TO FUCK HER UP AND THEN GET OUT OF RENO."
>
> LAWRENCE's inappropriate and threatening conduct interrupted the performance of SSA employees Kertanis and Lopez and disrupted normal operations at the facility. Therefore, generating FPS response and the response of the FPS contract guard at the facility.
>
> Based on the Sworn Written Statements provide[d] by SSA employees Kertanis and Lopez, I cited LAWRENCE for Disorderly Conduct in violation of the Rules and Regulations Governing Conduct on Federal Property in specific, 41 CFR 102-74.3[9]0, Disturbances.

(*Id.*)

Lawrence filed two motions to dismiss before trial. In the first, Lawrence argued that the citation was inadequate under Fed. R. Crim. P. 7(c)(1) and "due process standards" because it did not contain any facts or identify the elements of the violation. (ECF No. 2 at 56.) Lawrence further argued that the provision of 41 C.F.R. § 102-74.390 making it

2

unlawful to "exhibit[] disorderly conduct" is overbroad and void for vagueness, both on its face and as applied. (*Id.* at 58.) The Magistrate Judge rejected these arguments and denied the motion. (ECF No. 6 at 37.) In the second, Lawrence argued that the citation violated his Fourth Amendment rights because the citing officer was not actually present for the altercation. (ECF No. 2 at 45.) The Magistrate Judge rejected this argument and denied the motion. (ECF No. 6 at 23.)

Lawrence was ultimately found guilty of disorderly conduct and sentenced to 360 days of probation. (ECF No. 12 at 7 (citing ECF No. 13 at 7).) Lawrence then filed a notice of appeal. (ECF No. 13 at 5.)

## III.  LEGAL STANDARD

18 U.S.C. § 3402 provides that "[i]n all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." The Court reviews findings of fact under the clear error standard. *United States v. Arnold*, Case No. 3:15-cv-00109-MMD-WGC, 2015 WL 6123208, at *2 (D. Nev. Oct. 16, 2015) (citing *United States v. Ramirez*, 555 F. Supp. 736, 738–39 (E.D. Cal. 1983)). Issues of law are reviewed de novo. *Id.* (citing *United States v. Wazelle*, No. CR-F-04-5376 AWI, 2006 WL 2536610, at *3 (E.D. Cal. Aug. 31, 2006)).

## IV.  DISCUSSION

Lawrence advances four arguments on appeal, two constitutional and two non-constitutional. The Court addresses Lawrence's non-constitutional arguments first. *See Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1222 (9th Cir. 2012) (discussing the doctrine of constitutional avoidance).

### A.  Adequacy of Citation

Lawrence first argues that the Magistrate Judge erred by rejecting Lawrence's argument that the citation was inadequate under Fed. R. Crim. P. 7(c)(1) and "due process standards." (*See* ECF No. 12 at 8.) Lawrence contends that the citation he received violated Fed. R. Crim. P. 12(b)(3)(B)(iii) and (v), Fed. R. Crim. P. 7(c)(1), and his

procedural due process rights because it did not identify the specific conduct believed to constitute "Disorderly Conduct" under 41 C.F.R. § 102-74.390. (*Id.*) The field titled "Offense Description; Factual Basis for Charge" contained only the hand-written words "Disorderly Conduct." (ECF No. 12 at 4; *see also* ECF No. 13 at 279.) Nevertheless, a citation is sufficient to initiate the trial of a petty offense. Fed. R. Crim. P. 58(b)(1). Furthermore, the probable cause statement contained a specific factual description of the events leading up to the citation. (ECF No. 2 at 97.) Lawrence contends that the government failed to produce any evidence that Lawrence actually received the probable cause statement, but it was attached as an exhibit to Lawrence's second motion to dismiss. (ECF No. 2 at 44, 54.) Thus, the Court infers that Lawrence received the probable cause statement prior to trial and was able to use that document to prepare his defense and avoid double jeopardy on the same charge. *See U.S. v. Forrester*, 616 F.3d 929, 940-41 (9th Cir. 2010) (citing Fed. R. Crim. P. 7(c)(1)) (noting that an indictment is sufficient if it informs a defendant of his charges and enables him to prepare a defense). Accordingly, the Court finds that the Magistrate Judge did not err in rejecting Lawrence's argument that the citation was inadequate.

### B. Sufficiency of Evidence

Lawrence next argues that the government failed to carry its burden of showing that Lawrence received actual notice his conduct was illegal. (ECF No. 12 at 16.) "To establish a violation of 41 C.F.R. § 102[-]74.390, the Government must present sufficient evidence that the defendant received actual notice." *United States v. Marotz*, 75 F. Supp. 3d 1167, 1171 (N.D. Cal. 2014). The text of the regulation was apparently posted in the SSA building, but the government's exhibit demonstrating this fact was blurry and almost illegible. (ECF No. 12 at 16 (citing ECF No. 13 at 233, 241).) Lawrence's citations to the record confirm only that the exhibit was blurry, not that the actual posted regulation was illegible. (*See* ECF No. 13 at 233, 241.) Accordingly, the Court does not find that the Magistrate Judge clearly erred in concluding that the regulation was conspicuously posted in the SSA building. (*See* ECF No. 13 at 97.)

Lawrence further argues that the government offered insufficient evidence to prove the elements of the offense because the offense has no elements. (ECF No. 12 at 15.) This argument collapses into Lawrence's void-for-vagueness argument addressed below.

### C. Presence of Citing Officer

Lawrence further argues that the Magistrate Judge erred by rejecting his argument that the citing officer exceeded his authority under the Fourth Amendment by citing Lawrence for conduct that the officer did not personally observe. (ECF No. 12 at 16.) Lawrence argues that, under the Fourth Amendment, a citation in lieu of a misdemeanor arrest cannot be issued unless the offense was committed in the presence of the citing officer. (*See id.*) Accepting this argument would run counter to Ninth Circuit precedent. *See, e.g.*, *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990) ("The requirement that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest is not grounded in the Fourth Amendment."). Accordingly, the Court finds that the Magistrate Judge did not err in rejecting Lawrence's argument that the Fourth Amendment required the citing officer to be present.

### D. Vagueness

Lawrence further contends that the Magistrate Judge erred by rejecting Lawrence's argument that the provision of 41 C.F.R. § 102-74.390 making it a crime to "exhibit[] disorderly conduct" ("Disorderly Conduct Provision") is overbroad and void for vagueness. (ECF No. 12 at 11.) The regulation in its entirety states:

> All persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct or exhibiting other conduct on property that—
>
> (a) Creates loud or unusual noise or a nuisance;
> (b) Unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots;
> (c) Otherwise impedes or disrupts the performance of official duties by Government employees; or
> (d) Prevents the general public from obtaining the administrative services provided on the property in a timely manner.

41 C.F.R. § 102-74.390. The Magistrate Judge construed the regulation to list three categories of prohibited conduct: loitering, exhibiting disorderly conduct, and exhibiting

"other conduct," with the term "other conduct" comprising the four enumerated subsections. (*See* ECF No. 6 at 27-28.) The Magistrate Judge determined that the trial would proceed on the charge that Lawrence's conduct violated the second category—"exhibiting disorderly conduct"—and not any of the enumerated subsections because the citation did not identify any of the enumerated subsections. (*Id.*)

"The First Amendment does not prevent enforcement of disorderly conduct statutes so long as they are not vague or applied to curb protected speech." *Duran v. City of Douglas, Ariz.*, 904 F.2d 1372, 1377 n.4 (9th Cir. 1990) (citing *City of Houston, Tex. v. Hill*, 482 U.S. 451, 465-67 (1987); *Colten v. Kentucky*, 407 U.S. 104, 111 (1972)). A regulation is vague if it is not "capable of a limited interpretation such that '(1) ordinary people could understand what conduct is prohibited, and (2) those enforcing the law are provided with clear standards to constrain them.'" *United States v. Lee*, 183 F.3d 1029, 1032 (9th Cir. 1999) (quoting *United States v. Erickson*, 75 F.3d 470, 475 (9th Cir. 1996)); *see also United States v. Coutchavlis*, 260 F.3d 1149, 1155 (9th Cir. 2001). "Unless the law is impermissibly vague in all applications, a defendant is limited to the argument that the law is vague as applied to him." *Lee*, 183 F.3d at 1031.

"[A] 'facial' vagueness analysis is mutually exclusive from an 'as applied' analysis." *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1346 (9th Cir. 1984). Thus, "[t]he threshold question in any vagueness challenge is whether to scrutinize the statute for intolerable vagueness on its face or whether to do so only as the statute is applied in the particular case." *Id.* To answer this question where a litigant has challenged a law as both overbroad and vague, the Court must first "determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *Id.* (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982)); *see also United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013) (quoting *United States v. Mazurie*, 419 U.S. 544, 550 (1975) (alteration in original) ("[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand."). If the enactment does not reach a substantial amount of constitutionally

protected activity, "then the overbreadth challenge must fail." *Schwartzmiller*, 752 F.2d at 1346 (quoting *Vill. of Hoffman Estates*, 455 U.S. at 494).

Lawrence contends that the Disorderly Conduct Provision is overbroad because it contains no ascertainable or objective standard of conduct.[1] (ECF No. 12 at 14-15.) In the absence of any standard of conduct, the Disorderly Conduct Provision risks encroaching "on a substantial amount of constitutionally protected conduct, particularly speech." (*Id.*) However, under the doctrine of constitutional avoidance, statutes must be interpreted to avoid constitutional difficulties. *Roommate.com*, 666 F.3d at 1222. Alternative interpretations of the statute must be "fairly possible" and not "plainly contrary to the intent of Congress." *Id.* The regulation at issue here is susceptible to an alternative reading that is fairly possible—the enumerated subsections could modify both "other conduct" and "disorderly conduct." Such a reading would make this regulation consistent with a similar regulation that governs conduct at Veterans Affairs facilities. *See* 38 C.F.R. § 1.218(a)(5) (prohibiting "[c]onduct on property which creates loud or unusual noise; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; which prevents one from obtaining medical or other services provided on the property in a timely manner; or the use of loud, abusive, or otherwise improper language; or unwarranted loitering, sleeping, or assembly"); *id.* § 1.218(b)(11) (prohibiting "[d]isorderly conduct which creates loud, boisterous, and unusual noise, or which obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways or which tends to impede or prevent the normal operation of a service or operation of the facility"); *see also United States v. Szabo*, 760 F.3d 997, 1003 (9th Cir. 2014) (upholding 38 C.F.R. § 1.218(a)(5) against an as-applied vagueness challenge); *United States v. Agront*, 773 F.3d 192 (9th Cir. 2014) (upholding 38 C.F.R. §

---

[1] Only individuals engaged in unprotected speech may bring overbreadth challenges. *See Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 504 (1985). The Court assumes that Lawrence's speech constituted a true threat and was thus unprotected, though neither party addressed this issue.

7

1.218(b)(11) against an as-applied vagueness challenge). Neither party has suggested this reading of the regulation is contrary to the intent of Congress, and such an argument would be unlikely to succeed given the regulation's similarity to 38 C.F.R. § 1.218. In addition, such a reading would mitigate overbreadth by limiting the statute's applicability to disorderly conduct that falls within one of the enumerated subsections. Lawrence has not argued that the regulation, so construed, is substantially overbroad "in relation to [its] plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973). Accordingly, the Court declines to invalidate the regulation as overbroad.

The Court next examines Lawrence's as-applied vagueness challenge because a facial vagueness challenge is unavailable if Lawrence's conduct was clearly proscribed. *Schwartzmiller*, 752 F.2d at 1346 (alteration in original) (quoting *Parker v. Levy*, 417 U.S. 733, 756 (1974)) ("[F]acial *vagueness* review is not common because ordinary canons of judicial restraint do not permit a party whose particular conduct is adequately described by a criminal statute 'to attack [the statute] because the language would not give similar fair warning with respect to other conduct which might be within its broad and literal ambit.'"). Lawrence's "as-applied challenge . . . turns on whether the [regulation] provided adequate notice to him that his particular conduct was proscribed." *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013). It would have been clear to any reasonable person that threatening an SSA employee constitutes disorderly conduct—any conception of the term "disorderly conduct" would encompass use of Lawrence's profane, threatening language. Therefore, the Court concludes that the regulation gave Lawrence adequate notice that his conduct was prohibited and rejects his as-applied vagueness challenge. Having rejected Lawrence's vagueness challenge as applied, the Court cannot consider Lawrence's facial vagueness argument. *Schwartzmiller*, 752 F.2d at 1346.

Accordingly, the Magistrate Judge did not err in rejecting Lawrence's argument that the regulation was overbroad and vague.

///

///

## V. CONCLUSION

It is hereby ordered that the judgement of conviction is affirmed. The Clerk is instructed to enter judgment and close this case.

DATED THIS 16th day of February 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE